# Ryon *v.* Starr, Appellant (No. 2).

*Contract—Commissions for sale of real estate—Affidavit of defense.*

In an action to recover commissions on the sale of real estate, it appeared that the defendant agreed to pay plaintiff $20,000 if he sold certain coal land for a price named. Plaintiff secured a purchaser, the land was sold, and the plaintiff received the consideration in stock of a corporation. The defendant agreed that out of the proceeds of the stock as it was sold, he would pay plaintiff one-fourth of the proceeds of each sale until the sum of $20,000 was paid. This arrangement was carried out until the defendant sold for a reduced sum the whole balance of the stock which he had. *Held*, that plaintiff was entitled to receive out of the sum paid for the balance of the stock, whatever portion of the $20,000 had not been paid to him.

Argued Feb. 12, 1906. Appeal, No. 148, Jan. T., 1905, by defendant, from order of C. P. Schuylkill Co., March T., 1905,

No. 22, making absolute rule for judgment for a sum apparently due under affidavit of defense in case of George W. Ryon v. David Starr.   Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Affirmed.

Assumpsit for commissions on the sale of real estate.

The facts appear in the case of Ryon, Appellant, v. Starr, ante p. 310.

*Error assigned* was the order of the court.

*George M. Roads,* for appellant.

*James B. Reilly,* with him *H. B. Bartholomew,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 5, 1906 :

The question raised by this appeal is the sufficiency of the affidavit of defense as to the sum of $3,125, being the difference between $12,535, amount claimed by appellee as his share of the money actually received by appellant under the contract, and $9,410 paid appellee on account before suit was instituted. As to this amount the affidavit was so clearly insufficient that no useful purpose can be served by a discussion of the merits of the claim.

Assignments of error overruled and judgment affirmed.